**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**JUSTIN MICHAEL ROSSI,**

**Plaintiff,**

**vs.** **Case No. 4:26cv393-RH-MAF**

**JAMES UHTMEIER,**
**RON DESANTIS,**

**Defendants.**
**_____________________________/**

# REPORT AND RECOMMENDATION

On August 11, 2026, the Clerk's Office opened this case for Plaintiff based on receipt of a document which was titled by Plaintiff as: "Qui Tam Pro Domino Rege Quam Pro Se Ipso In Hac Parte Sequitur In Forma Pauperis." ECF No. 1. It was styled for "United States District Courts," dated July 21, 2026, and listed multiple "nature of suit" codes at the top of the page.[1] Because Plaintiff did not file an in forma pauperis motion with that submission, an Order was entered directing Plaintiff to either pay the

[1] The codes were for 370, 375, 376, 446, and 448. ECF No. 1 at 1. Nature of suit codes are used by the Clerk's Office to designate the type of case filed, but parties do not provide codes for the Court.

filing fee or comply with in forma pauperis statute, 28 U.S.C. § 1915. ECF No. 3.

Shortly after that Order was entered, Plaintiff submitted a brief response which contends "[t]his case was filed wrongfully by your court." ECF No. 4. It was unclear whether Plaintiff was contending that his notice should have been filed in a different case (Plaintiff listed four other cases), or whether he was suggesting that this case should be closed because Plaintiff did not intend to initiate a new case. Because Plaintiff's notice was unclear, an Order was entered, ECF No. 5, advising him that no further action would be taken on that submission and reminding him to either pay the filing fee as required by 28 U.S.C. § 1914 or file a motion requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915, if he wanted to proceed this case.

Plaintiff has now filed an in forma pauperis motion, ECF No. 7, and an "amended motion for reconsideration for quitam petition." ECF No. 6. The in forma pauperis motion has been granted in a separate Order entered this day.

The gist of that motion is Plaintiff's contention that the State of Florida has committed treason. ECF No. 6 at 2. He asserts the State has falsely

imprisoned him, kidnapped him, and is involved in a "seditious conspiracy." *Id.* Plaintiff claims the State of Florida "is misappropriating federal funds by filing false claims and stealing social security funds from the treasury by stating people who are not ITP [incompetent to proceed] are ITP and abusing the mental health system as well as corrupting the Department of Corrections . . . ." *Id.* He provides no request for relief, and no statement of facts to support that vague and conclusory assertions.

Notably, Plaintiff filed case number 4:26cv121-AW-MJF in this Court in March 2026. He filed that case as a habeas petition seeking release from custody, social security benefits, and custody of his child. It was dismissed without prejudice on July 6, 2026. *See* ECF No. 49 of that case.

In June 2026, Plaintiff filed case number 4:26cv271-MW-ZCB, another habeas petition. It was also dismissed without prejudice based on *Younger* abstention. ECF No. 41 of that case.

In July 2026, Plaintiff changed course and filed case number 4:26cv337-TKW-HTC in which he declared several times, "This is not a habeas petition." *See* ECF No. 5 at 1 of that case. Once again, he claimed the State of Florida was "illegally and fraudulently holding" him at

the Florida State Hospital. That case was dismissed as duplicative and malicious under 28 U.S.C. § 1915(b)(1). ECF No. 10 of that case.

Plaintiff then filed this case in August 2026. Plaintiff titled this as a qui tam petition, but it is not a qui tam action. "The False Claims Act (FCA) allows private parties, known as qui tam relators, to bring suit on behalf of the United States against persons who submitted false claims to the government." Cho on behalf of States v. Surgery Partners, Inc., 30 F.4th 1035, 1037 (11th Cir. 2022). Plaintiff has not alleged facts to support a false claims action for a violation of 31 U.S.C. § 3729.

Moreover, it is apparent that Plaintiff is seeking to challenge the state court order which found him incompetent to proceed and directed his confinement at Florida State Hospital. This action cannot be used to seek his release from confinement. If Plaintiff is entitled to relief, it is through the filing of a petition for writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Therefore, this case should be summarily dismissed.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended motion for reconsideration for quitam petition, ECF No. 6, be construed as a civil complaint, and this case be **DISMISSED** for

failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 25, 2026.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**