**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

JUSTIN MICHAEL ROSSI,

Plaintiff,

v. CASE NO. 4:26cv393-RH-MAF

JAMES UHTMEIER,
RON DESANTIS,

Defendants.

_______________________________/

**ORDER OF DISMISSAL**

The plaintiff apparently asserts he is being wrongfully detained at the Florida State Hospital, apparently on the order of a Florida state court. This federal action—labeled a qui tam action by the plaintiff—is before the court on the magistrate judge's report and recommendation, ECF No. 9, and the "motion to district judge," ECF No. 12, which sets out contentions that are, in substance, objections to the report and recommendation. As proper under Federal Rule of Civil Procedure 72, I have reviewed de novo the issues raised by the objections.

The plaintiff's principal contention is that three earlier cases—at least two explicitly labeled habeas petitions—were dismissed by other judges of this court.

Unable to get past the disapproval of his habeas filings, he has turned to the False Claims Act, under which a relator can file a qui tam action—a fraud claim on behalf of the United States.

The report and recommendation correctly concludes that the complaint fails to state a qui tam claim on which relief can be granted. At least as importantly, a relator who is not an attorney cannot pursue a qui tam action pro se—that is, without an attorney. This is so because a relator acts for the United States, and while a layperson can represent himself in federal litigation, a layperson cannot represent someone else. In a qui tam action, the "someone else" is the United States. There can be no pro se qui tam action.

This action thus must be dismissed. This does not mean the dismissals of the plaintiff's earlier actions in this court were unreviewable. But review of a decision of a district court lies in the appropriate court of appeals—for this district, in the United States Court of Appeals for the Eleventh Circuit. Review is not available through a new action in district court that in effect asks one district judge to review another district judge's decision.

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's further opinion.

2. The clerk must enter judgment stating, “This action is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.”

3. The clerk must close the file.

SO ORDERED on October 9, 2026.

s/Robert L. Hinkle
United States District Judge